ROGERS, Appellant, v. WOODY, Respondent.

1. The Revised Code of 1835 required, in order to constitute a valid relinquishment of dower, an examination of the wife apart from her husband; also that the certificate of such relinquishment should state the fact of such an examination.

*Appeal from St. Louis Land Court.*

*R. S. Voorhis*, for appellant.
*T. T. Gantt*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a petition for an assignment of dower. The defendant's answer states that the petitioner, and her husband in his lifetime, Joseph Rogers, by deed duly acknowledged and certified, sold and conveyed the land to the defendant. On the trial, the burden of proof being on the defendant, he offered the deed in evidence. The plaintiff objected to the deed on the ground that the certificate of the wife's relinquishment of dower did not show a privy examination of the wife, and therefore was no bar to her dower. The court overruled the objection, and allowed the deed in evidence to establish, we must presume, what it was adduced to prove, and therefore the plaintiff took a non-suit. She afterwards moved to set this non-suit aside; the motion being overruled, she excepted, and brings the case here by appeal. The certificate omits the important words, " on an examination apart from her husband."

By the act concerning conveyances, in force at the time this deed was made, (R. C. 1835, p. 122,) a married woman might relinquish her dower in any real estate of her husband by any conveyance thereof, executed by herself and her husband, and acknowledged and certified in the manner pointed out by the statute. The relinquishment must be taken before some court or officer authorized by the act to take proof or acknowledgment of instruments in writing conveying real estate or affect-

ing the same. No such relinquishment shall be taken unless such married woman shall (among several other acts not necessary here to be enumerated) "acknowledge, *on an examination apart from her husband*, that she executed the same," &c. "The certificate of such relinquishment *shall set forth* [among other things] that she was made acquainted with the contents of such conveyance, and *acknowledged, on an examination apart from her husband*, that she executed," &c. By the law then in force, there must be an examination apart from her husband, and the officer's certificate of acknowledgment must set forth the fact that there was such examination apart from her husband; otherwise no such married woman is by such a deed barred of her dower. These are positive statutory regulations. This is the manner and mode pointed out by law in which married women can relinquish dower to land sold by their husbands, and unless such relinquishments be made and taken and certified *substantially* as required, they avail nothing. Now it can not be that the law means by an examination apart from her husband that such examination of her individually in his presence is a compliance of this requisition; that first an acknowledgment of one, and then an examination and acknowledgment of the other, in each other's presence and hearing, though taken not together all at once, but each separately, is what was meant by this statute. Such has never been considered the meaning of this act by the profession in this state. When an examination apart from the husband is required, it does not mean an examination in his presence. It must be taken out of his hearing, and out of his sight. It must be taken apart from him, in a state of separation as to place.

Let us now see if this matter is material—that is, if its omission is fatal. Chancellor Kent says, the usual way of barring dower in this country by the voluntary act of the wife, is not by fine, as in England, but by her joining with her husband in a deed of conveyance of the land, containing apt words of grant or release on her part, and acknowledging the same

*privately*, apart from her husband, in the mode prescribed by the statute laws of the several states. (4 Kent Com. 59.) In North Carolina, the second section of the act of 1751 says, that conveyances sealed by husband and wife, and by them personally acknowledged in the court of the county—the wife being privily examined before some member of the court appointed for that purpose, &c.—shall be good and valid. When the wife could not reach the court by sickness, age, or by residence abroad, the same statute allowed a commission to two or more justices to take her acknowledgment. It is admitted in that state, that, without a *private examination of a feme covert*, had in one of the modes pointed out by the statute, her deed conveys no estate in the land. (See Jones v. Lewis, 8 Iredell, 73, also Burgess et al. v. Wilson, 2 Devereux, 306.) The private examination of the wife is of vital importance in the state of North Carolina. Judge Ruffin says, "the acts of the general assembly were passed to facilitate alienations by married women, but not to encourage them, especially not to furnish temptations nor opportunities to the husband to extort from the wife a conveyance, which he might do if a public as well as a private exhibition of the instrument were not required. The presumption of the law, that the will of the wife is subdued to that of the husband, is, so far as regards the disposition of her estate at least, but too fully verified by our experience. Every ceremony, however formal, which has the least tendency to interpose the protection of the law, or the advice of an additional judicial character, ought to be adhered to substantially." (2 Dev. 313.) In Robinson v. Burfield, (2 Murphy, 417,) Seawell, J., said: "It has been insisted that the certificate of the clerk that the 'deed was acknowledged in open court, and ordered to be registered,' imports a private examination, or, if it did not, that it is to be presumed the court did its duty by examining Mrs. Robinson; but we think differently, and on this branch of the case the court is unanimous."

In Doe d. Raverty et ux. v. Fridge, (3 McLean C. C. R.

245,) it was held that a separate examination of a *feme covert* was indispensable; but the very words of the statute need not be used by the certifying officer; a substantial compliance with the requisitions of the statute is sufficient. Privy examination is necessary in Kentucky. (1 Mon. 48). To constitute a valid acknowledgment of a *feme covert* to a deed in Kentucky, it is indispensable that she should be privily examined, &c. (8 B. Mon. 178.) In Michigan, the examination must not only be apart from the husband, but must be private, and the courts of that state require such examination to be apart from the husband, and also apart from all others. (Sibley v. Johnson, 1 Manning, 380.) In Ohio and in Indiana the examination must be apart from the husband, but there has been much controversy whether it is necessary for the officer taking the examination to insert in his certificate all that the law requires to be done at such acknowledgment. Our statute requires the certificate to contain the facts of such acknowledgment, and the requisites of the law concerning it. (See Brown v. Farran, 3 Ohio, 152; 6 id. 142; 13 id. 118; 15 id. 423; 16 id. 599; 6 Blackford, 475.) In this case from Blackford the court declares it to be the officer's duty, under the statute, before he takes the acknowledgment of a *feme covert*, to examine her apart from her husband and make known to her the contents of the deed. But " the statute does not require (says the court, as we understand it,) the certificate to show any thing more on the subject than the declaration or acknowledgment of the wife that she had voluntarily executed the deed." Our statute does require more; so the presumptions made in Ohio and Indiana can not be made here, because our act requires the contents of the certificate to show what was done. In Pennsylvania, it must appear by the certificate that the wife was examined separately and apart from her husband. " A separate examination is essential and ought sufficiently to appear." (Per Tilghman, C. J., Jourdan v. Jourdan, 9 S. & R. 268.) In New Jersey, a *feme covert* can not be divested of her title except by deed acknowledged by her in the mode

pointed out in the statute—that is, on a private examination apart from her husband. (2 Zabriskie, 264.) In New York, the examination of the *feme covert* must be apart from her husband, and the certificate must contain the facts that it was so done. (Elwood v. Klock, 13 Barb. 50.) In Illinois, the certificate of acknowledgment is an essential part of the due execution of a deed by which the real estate of a *feme covert* is to be transferred, and, unless it is in substantial compliance with the statute, no title passes. (5 Gilman, 113; 12 Ills. 276; 11 id. 123.)

There can remain no doubt that with us the admission to embody in the certificate the fact that the wife was examined apart from her husband, is fatal to such certificate. It must appear by the certificate, substantially, that she acknowledged the deed on an examination apart from her husband. This certificate then on this deed is fatally defective to pass the wife's right of dower, and the court should have rejected it when offered for that purpose.

The defendant below offered the deed in evidence; the plaintiff objected, and pointed out her objections specifically; it was her duty to do so. The court admitted it, overruling these objections, and therefore erred. As to the proper assessment of the damages, or as to the value of the estate at the time when the deed from Joseph Rogers was made, we are warranted in supposing that the deed was not offered for that purpose; it was not objected to on any such ground, nor was it admitted on the ground that it would be competent on the assessment of damages, but because it was held by the court below sufficient to pass to the grantee the plaintiff's right of dower.

We do not concur in giving to this deed any such effect, nor will the opinions of this court, made since the case of McDaniel v. Priest, authorize such a conclusion. The judgment must be reversed, the other judges concurring.